# EXHIBIT J

**Plaintiff's Letter to All Defendants before Filing Lawsuit, Dec. 2, 2025**

**etakefman@hotmail.com**

| | |
|---|---|
| **From:** | Earl Takefman |
| **Sent:** | Saturday, November 29, 2025 11:47 AM |
| **To:** | Robert Corliss; mark.guest@job.com; Jeffrey R. Waxman; ckunz_morrisjames.com; kdonovan@morrisjames.com; mfox@gt-gp.com; A.J. Martinez; Paul Sloyan; Arran Stewart; Nick Burt |
| **Subject:** | Potential Litigation - Takefman v. Corliss et al |
| **Attachments:** | DRAFT COMPLAINT - Takefman v. Corliss et al DE Federal Court.pdf |

Gentlemen and particularly Mr. Corliss,

Paragraph 38 of my potential Complaint refers to this e-mail, which documents my last good faith effort to obtain proof supporting your declarations ("show me your receipt", you will understand the reference when you review the Complaint).

Attached is a **DRAFT** of the complaint I am contemplating filing. I will likely make some tweaks before the deadline below.

To be clear, this is **not** a derivative action, nor am I challenging Judge Owens' sale order, contrary to suggestions raised by Mr. Chipman and Mr. Waxman at the last hearing.

It appears that multiple law firms will represent the defendants, possibly two firms and potentially up to six attorneys. If you are aware of which attorneys will represent which parties, please inform me so we can communicate efficiently.

Before you review the enclosed draft complaint, I urge you to pause and consider the position you are about to publicly defend.

You are asking a court to accept that the two individuals most knowledgeable about the TEAM AI asset - Wilson and Sloyan, who paid $30 million for it - were somehow unaware that the asset had already been transferred to the Debtor. You further contend that this supposed transfer occurred without shareholder approval and without the production of conventional transactional documentation, yet that Corliss and Guest nonetheless had a basis to swear under oath that the asset no longer belonged to MJM Tech, whose shareholders numbers in the hundreds.

If a lawful transfer actually occurred, this should be simple. A transaction of this magnitude would ordinarily be documented by a purchase agreement, bill of sale,

1

assignment, or comparable instrument executed by the necessary parties. Such documents have been repeatedly requested. None has been produced because we all know that none exist.

That leaves only one apparent alternative: that the alleged "transfer" exists solely by virtue of an internal "voodoo" accounting characterization rather than a legally operative conveyance. An accounting treatment does not effect a legal transfer of title. A ledger entry is not a conveyance. And an internal reclassification does not substitute for executed transfer instruments when ownership of a $30 million asset is at issue.

One way or another, the truth will come out. I am not going away, regardless of any separate transaction you may attempt with Sloyan or any other party concerning the IP. Courts are built on sworn testimony and the reliability of oaths. This record already presents a stark credibility problem, and it will be examined under compulsory process.

You are therefore faced with a very narrow and very consequential choice:

Either produce the actual documents that lawfully transferred the TEAM AI asset to the Debtor - or allow the inevitable inference to be drawn that no such documents exist.

This is your opportunity to address this with evidence rather than assertion. Failing that, it will be resolved publicly through litigation, sworn testimony, and forensic examination.

Finally, I suggest that counsel specifically representing Corliss contact me directly. In prior litigation matters in which my conduct was repeatedly mischaracterized in your prior bankruptcy court pleadings, you should know that those cases ultimately resulted in two attorneys being disbarred in one case, and in a second case, a CEO pleading guilty to insider trading, with resulting fines and sanctions. In each instance, my resolve and persistence were underestimated as it relates to holding those that engaged in wrongful conduct accountable.

So the purpose of this e-mail is to give you **one final opportunity** to provide the evidence underpinning the declarations I know to be false. A court will not look favorably on wasting judicial resources if the evidence exists but is being purposely

withheld. Retaining legal counsel and incurring fees while refusing to provide supporting documents defies logic and exposes those responsible to unnecessary legal risk.

Once I file the Complaint and complete service, I will immediately move for **limited discovery** to compel production of the documents supporting your declarations. Producing them now avoids unnecessary expenses, delay, and potential liability, and likely significant legal fees.

You have until **December 10, 2025,** to contact me to explore a resolution. After that date, I will proceed with filing the Complaint and motions to compel discovery without further notice, and all parties will be responsible for the consequences of failing to provide supporting evidence.

*Earl Takefman*

Cell: (786)-757-0780
Office: (305)-933-1757
Fax: (305)-397-1915
851 NE 1st Avenue, Suite 2710
Miami, FL 33132

ET