UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Case No. 1:25-cv-01505-CFC

**EARL TAKEFMAN**

 *"Plaintiff"*,

*v.*

**ROBERT J. CORLISS, SR.; CORLISS MOORE & ASSOCIATES, LLC; JEFFREY R. WAXMAN; CARL N. KUNZ, III; MORRIS JAMES LLP; SERENGETI ASSET MANAGEMENT, L.P.; A.J. MARTINEZ; GHOST TREE PARTNERS, LP; MARK FOX, and MARK GUEST**

 *"Corliss Defendants"*

and

**MJM TECH LIMITED, PAUL SLOYAN and ARRAN STEWART**

 *"MJM Defendants"*

_____/

### PLAINTIFF'S MOTION FOR NARROW EXPEDITED DISCOVERY (CASE-DISPOSITIVE DOCUMENT)

 Plaintiff Earl Takefman, pro se, respectfully moves for an Order permitting **limited, expedited discovery** for the sole purpose of requiring Defendants to produce two readily available documents (or discrete set of documents) that Defendants expressly relied upon in making sworn declarations central to this case. In support, Plaintiff states as follows:

**I. Background**

 1. This action is based totally upon the sworn declarations submitted by Defendants Robert Corliss Sr. and Mark Guest, in bankruptcy case number 25-11280(KBO) in Delaware, that

1

purport to rely upon document(s) or agreement(s) relating to the transfer of an asset from a third-party to the debtor in the bankruptcy court.

2. On page 6, paragraph 15, Defendant Robert Corliss stated as follows: (emphasis added)

15. Following the TeamAI Transaction, the Job.com Tech Team would further develop the technology that Team.AI Corp. had developed - a video-based hiring operating system (the "**TeamAI OS**") - and to use the TeamAI OS to compliment the extensive existing and in-development technology of Job.com that would, among other things, capitalize on Job.com's extensive Patent Portfolio. Upon information and belief, following the closing of the TeamAI Transaction, non-Debtor affiliate Job.com-Team.ai Inc. **transferred ownership and control of the TeamAI OS to Debtor Job.com and certain of the other Debtors**, which included depositing and storing all of the source code, improvements and all components thereof into a GitHub exclusively owned and controlled by Debtor Job.com. And all of the future cash consideration due to TeamAI and its affiliates relative to the TeamAI Transaction, such as cash payments and earn-outs, were booked as liabilities on the balance sheet of Debtor Job.com.

Mr. Corliss' full declaration is attached hereto as **Exhibit A.**

3. Attached hereto as **Exhibit B** is a declaration from Defendant Mark Guest that is heavily redacted.

4. Plaintiff has repeatedly requested production of those document(s) from the Corliss Defendants.

5. Defendants have **refused to produce them**, despite relying upon them to support factual assertions made under oath.

6. The existence - or non-existence - of this/these document(s) is **case-dispositive**:

- If the document(s) exists and supports the declaration, Plaintiff's claims are substantially resolved.

- If the document does not exist or does not support the declaration, the declaration is demonstrably false, and the case proceeds on a materially different footing.

7. No other discovery is sought currently.

## II. Legal Standard

Federal courts have broad discretion under **Fed. R. Civ. P. 26(d)** to permit expedited discovery where good cause exists. Good cause is established when:

- the discovery request is narrowly tailored, and
- the information sought is central to the claims or defenses, and
- expedited production may streamline or resolve the litigation.

Courts routinely permit limited discovery at the outset of a case where the requested material may eliminate the need for broader discovery or dispositive motion practice.

## III. Argument

### A. Good Cause Exists for Expedited Discovery

Good cause is plainly present here.

- Plaintiff seeks **simple document(s)** (or a discrete, easily identifiable set of documents).

- Defendants have already placed the document at issue by **affirmatively relying on it in a sworn declaration**.

- The request imposes **no undue burden**, no depositions, and no broad document production.

This is not a fishing expedition, nor is it burdensome. It is a request for the very document(s) Defendants claim exists and relied upon.

3

## B. The Requested Discovery Promotes Judicial Economy

Producing this document now will either:

- significantly narrow the case, or
- eliminate disputes that would otherwise consume substantial judicial resources.

Allowing expedited discovery at this stage avoids:

- prolonged motion practice,
- unnecessary discovery disputes, and
- avoidable expense to all parties.

## C. Defendants Will Suffer No Prejudice

Defendants cannot credibly claim prejudice from producing a document they have already relied upon under oath.

If the document exists, it can be produced immediately.

If it does not, that fact should be addressed now - not after months of litigation.

## D. Scope of Requested Discovery

Plaintiff requests an Order permitting the following limited discovery within 7–10 days of the Court's Order:

4

- Production of the document(s) expressly referenced or relied upon in Defendant Robert Corliss' sworn declaration dated July 6th, 2025, page 6, paragraph 15, including any attachments or exhibits thereto (Exhibit A).
- An unredacted version of the declaration of Mark Guest (Exhibit B). Plaintiff will sign a confidentiality obligation if required as it relates to any use of this document outside the litigation.

No other discovery is sought at this time.

### III. Relief Requested

Plaintiff respectfully requests that the Court enter an Order:

1. Granting Plaintiff leave to conduct limited expedited discovery as described above; and
2. Requiring Defendants to produce the identified document(s) within a short, Court-specified timeframe; and
3. Granting such other relief as the Court deems just and proper.

Respectfully submitted this 22nd day of December 2025 by:

/s/ Earl Takefman

**Earl Takefman**
**Plaintiff**