UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE

Case No. 1:25-cv-01505- CFC

**EARL TAKEFMAN**

    *"Plaintiff"*,

*v.*

**ROBERT J. CORLISS, SR.; CORLISS MOORE & ASSOCIATES, LLC; JEFFREY R. WAXMAN; CARL N. KUNZ, III; MORRIS JAMES LLP; SERENGETI ASSET MANAGEMENT, L.P.; A.J. MARTINEZ; GHOST TREE PARTNERS, LP; MARK FOX, and MARK GUEST**

    *"Corliss Defendants"*

and

**MJM TECH LIMITED, PAUL SLOYAN and ARRAN STEWART**

    *"MJM Defendants"*

_____/

### PLAINTIFF'S MOTION FOR LEAVE TO EFFECT ALTERNATE SERVICE PURSUANT TO FED. R. CIV. P. 4(e), 4(h), AND 4(f)(3)

## I. INTRODUCTION

    Plaintiff respectfully requests leave of Court to effect alternate service of process upon five remaining defendants of the Corliss Defendants who have evaded or frustrated service, including by providing false or non-servable registered agent addresses, despite being sophisticated business entities and executives represented by counsel in related bankruptcy proceedings.

    Plaintiff has already successfully served five of the ten Corliss Defendants and has made repeated, documented, and good-faith efforts to serve the remaining five through traditional means. Those efforts have failed - not due to lack of diligence - but because Defendants have

1

made service impracticable while simultaneously maintaining actual notice of this action through their shared bankruptcy counsel, Jeffrey Waxman of Morris James LLP.

Under well-settled law, where defendants cannot be served despite reasonable diligence, and where proposed alternate service is reasonably calculated to provide notice, the Court has broad discretion to authorize alternate service, including service via email and service upon known counsel.

## II. FACTUAL BACKGROUND

This action arises from a false declaration submitted by Defendant Robert Corliss, and potentially by Defendant Mark Guest, and related entities in the Debtor's bankruptcy proceedings, case number 25-11280 (KBO), which Plaintiff alleges was knowingly false and part of a coordinated scheme involving the Corliss Defendants, who were co-conspirators with Mr. Corliss.

The Corliss Defendants include:

- Secured lenders who retained Corliss to manage the Debtor; and
- Corporate entities affiliated with Corliss; and
- Senior executives of those entities.

Plaintiff alleges that they all participated in or benefited from the submission of the false declaration by Mr. Corliss.

To date:

- Five (5) Corliss Defendants have been successfully served.
- Five (5) Corliss Defendants have not, despite extensive efforts.

Plaintiff retained various professional process servers who attempted service.

One of the Corliss Defendants - Corliss Moore & Associates LLC - listed a registered agent address at 5052 Legends Drive, Braselton, GA 30517, that is a vacant building with no occupants, furniture, or operations, as confirmed by the process server's affidavit (attached as **Exhibit A**).

Mr. Corliss himself, a second Corliss Defendant, is also listed at the same vacant building address (process server's affidavit attached as **Exhibit B**).

**BUSINESS SEARCH**

**BUSINESS INFORMATION**

| | |
|---|---|
| Business Name: **Corliss Moore & Associates, LLC** | Control Number: **22250562** |
| Business Type: **Domestic Limited Liability Company** | Business Status: **Active/Compliance** |
| NAICS Code: **Any legal purpose** | NAICS Sub Code: |
| Principal Office Address: **5052 LEGENDS DR, BRASELTON, GA, 30517, USA** | Date of Formation / Registration Date: **11/29/2022** |
| State of Formation: **Georgia** | Last Annual Registration Year: **2025** |

**REGISTERED AGENT INFORMATION**

Registered Agent Name: **Robert Corliss**
Physical Address: **5052 LEGENDS DR, BRASELTON, GA, 30517, USA**
County: **Gwinnett**

Plaintiff also attempted to serve Defendant Corliss Moore & Associates at their Utah address listed on their website, and that address was also non-existent (process server's affidavit attached as **Exhibit C**), and conducted a skip-tracer search to try and determine other addresses, to no avail.

Lastly, on December 23, 2025, Plaintiff sent Mr. Corliss an e-mail advising him that the address of his registered agent was not valid and asked him to provide an updated address or accept e-mail service, and he did not respond.

3

Similarly, Plaintiff attempted to serve Serengeti Asset Management, L.P. at 1115 Broadway, 12th Floor, New York, NY 10010, their listed registered agent address and there was no such tenant according to the process server's affidavit (attached as **Exhibit D**).



Plaintiff's process server attempted to serve Defendant Mark Guest at 304 Duffy Lane, Lakeway, TX 78738 and there was no one at home to accept service per the process server's attached affidavit (see attached **Exhibit E**).

Importantly, all unserved Corliss Defendants are represented by the same counsel, Jeffrey R. Waxman, in the Debtor's bankruptcy case, and Mr. Waxman has:

- Entered appearances on behalf of the Debtor; and
- Filed pleadings such as declarations affecting their interests;
- Communicated with Plaintiff regarding matters arising from the same nucleus of facts.

Accordingly, there is no serious dispute that:

- All the Corliss Defendants have actual notice of this action; and
- Service via their bankruptcy counsel and email is reasonably calculated to provide notice.

## III. LEGAL STANDARD

### A. Rule 4 Permits Alternate Service Where Traditional Service Is Impracticable

Federal Rule of Civil Procedure 4(e)(1) allows service pursuant to state law, and Rule 4(h)(1) permits service on corporate defendants by any manner authorized for individuals.

Where defendants evade service or render service impracticable, courts routinely authorize alternate service, including:

- Service by email; and/or
- Service upon known counsel; and/or
- Combined methods to ensure notice.

See ***Rio Props., Inc. v. Rio Int'l Interlink***, 284 F.3d 1007, 1016–17 (9th Cir. 2002) (email service appropriate where defendants evade service and have actual notice).

### B. Service on Counsel Is Appropriate Where Counsel Represents Defendants in Related Proceedings

Courts have repeatedly approved service upon counsel where:

- Counsel represents the defendant in a related action; and
- Counsel is in regular communication with the defendant; and
- Service is reasonably calculated to provide notice.

Here, service on Mr. Waxman, who represents the Debtor and is in contact with all remaining Corliss Defendants in the bankruptcy case arising from the same facts, satisfies due process.

## IV. ARGUMENT

### A. The Corliss Defendants Have Frustrated Service Through their Own Conduct

Plaintiff has exercised more than reasonable diligence. The failure of service is attributable solely to Defendants':

5

- Use of false or vacant registered agent addresses; or
- Failure to maintain accessible corporate offices; or
- Silence despite knowledge of the litigation.

The Corliss Defendants should not be rewarded for gamesmanship or evasion.

**B. Proposed Alternate Service is Reasonably Calculated to Provide Actual Service**

Plaintiff requests leave to serve the remaining Corliss Defendants by:

Email to:

- Each Defendant's last-known business email address; and
- Any email addresses used in the bankruptcy proceedings; and
- Service upon bankruptcy counsel, by:
- Email and certified mail to Jeffrey Waxman, counsel of record for the Debtor in the

bankruptcy case with access to all the unserved defendants.

This method ensures:

- Prompt notice; and
- Redundancy; and
- Compliance with due process.

**C. No Prejudice Exists – Only Delay if Relef is Denied**

Defendants already know about this case. Denying alternate service would:

- Reward evasion; and
- Delay adjudication on the merits; and
- Undermine judicial efficiency.

6

## V. All Defendants have Actual Notice of this Lawsuit; Alternate Service Imposes No Surprise and Fully Satisfied Due Process

**This case presents none of the concerns typically associated with alternate service.** All thirteen (13) Defendants already have actual notice of this lawsuit and possess copies of the pleadings.

Both the Corliss and MJM Defendants' knowledge is not speculative or inferred. Rather:

- Both sets of Defendants' lawyers expressly acknowledged this lawsuit while it was pending in the bankruptcy court.

- The existence and substance of this action were discussed in bankruptcy court pleadings.

- The lawsuit was further acknowledged during a hearing before the bankruptcy court, in the presence of counsel representing multiple Defendants.

Accordingly, this action has never been hidden, undisclosed, or unexpected. To the contrary, Defendants have been aware of:

- The identity of the Plaintiff; and
- The claims asserted; and
- Their status as named Defendants; and
- The factual allegations underlying the lawsuit.

Under these circumstances, due process concerns are not merely satisfied - they are overwhelmingly met. The purpose of service of process is to provide notice and an opportunity to respond, both of which all Defendants already possess.

Where, as here:

- All Defendants have actual notice; and
- Counsel has acknowledged the lawsuit on the record; and

7

- Service failures stem from Defendants' own conduct or inaccessibility;

courts routinely authorize alternate service to prevent delay and gamesmanship. Denying alternate service in this context would:

- Serve no legitimate due-process interest; and
- Reward evasion and defective registered-agent filings; and
- Needlessly delay adjudication of claims already known to all parties.

The requested alternate service merely formalizes what all Defendants already know and ensures the case proceeds on the merits rather than being stalled by technical obstacles of Defendants' own making.

This is not a case about notice; it is a case about Defendants attempting to avoid formal service despite having long known they were sued.

## VI. Alternate Service is also Warranted as to MJM Defendant Paul Sloyan, a Monaco Resident, who cannot be located for Traditional Service, but has Actual Notice

In addition to the Corliss Defendants, Plaintiff seeks leave to effect alternate service upon Paul Sloyan, an officer and director of MJM Tech Inc. whom Plaintiff refers to as one of the "MJM Defendants."

MJM Tech and one of its officers have already been successfully served in Texas. Mr. Sloyan is:

- The Chief Executive Officer of MJM; and
- A director and officer of the company; and
- An active participant in the conduct giving rise to this action.

Mr. Sloyan is a resident of Monaco, but despite diligent efforts, Plaintiff has been unable to identify any physical residential or business address at which he may be served.

8

Unlike a case involving a defendant with no known contacts, Mr. Sloyan has:

- Engaged in numerous email and telephone communications with Plaintiff concerning the very matters at issue in this litigation and even offered a potential settlement of all issues; and

- Communicated through legal counsel regarding those matters; and

- Acted in his capacity as CEO of a company that has already been formally served in this action.

Thus, there is no dispute whatsoever that Mr. Sloyan has actual notice of:

- The underlying dispute; and

- Plaintiff's claims; and

- His role as a named defendant.

### A. Traditional Service Is Impracticable

Service on Mr. Sloyan through traditional international means is impracticable, if not impossible, because:

- His physical address in Monaco is unknown; and

- No registered agent or service address exists for him individually; and

- Further delay would serve no purpose other than rewarding inaccessibility.

Courts routinely authorize alternate service where a defendant's location is unknown, but communication channels are known and reliable.

### B. Proposed Alternate Service Is Reasonably Calculated to Provide Actual Notice

Plaintiff respectfully requests leave to serve Mr. Sloyan by the following combined methods, each of which independently satisfies due process and collectively ensures actual notice:

9

a. Email service directly to Mr. Sloyan at the email address he has used to communicate with the Plaintiff in connection with the events at issue; and

b. Email service to Mr. Sloyan's counsel, Nick Burt, who has previously represented him in matters directly related to this dispute; and

c. Email service to the MJM officer residing in Texas who has already been served.

## VII. REQUEST FOR RELIEF

Plaintiff respectfully requests that the Court enter an Order:

- Authorizing alternate service upon the remaining Corliss Defendants by:
    - Email to their last-known business email addresses; and
    - Email and certified mail to Jeffrey Waxman, counsel of record in the bankruptcy proceedings; and
- Deeming such service effective as of the date of transmission; and
- Granting such other and further relief as the Court deems just and proper.

Respectfully submitted this 23rd day of December 2025 by:

/s/ Earl Takefman

**Earl Takefman**
**Plaintiff**